# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

BENJAMIN DON RODEN,

    Defendant.

Case No. 17-CR-87-JED

## OPINION AND ORDER

This case is before the undersigned United States Magistrate Judge for consideration of the government's request for an order authorizing involuntarily medication of Defendant to restore his competency to stand trial.

Defendant was arrested on July 12, 2017, detained, and indicted on August 9, 2017, on seven counts arising from the bombing of an Air Force recruiting station. The court found Defendant to be incompetent to stand trial. Defendant has been held and further evaluated at the Mental Health Department, Federal Medical Center at Butner, North Carolina (FMC Butner). A report dated December 29, 2017, has been generated by Logan Graddy, MD, staff psychiatrist at FMC Butner. The report addresses Defendant's condition and medical factors to be considered by a court in determining whether to order involuntary medication.

A hearing[1] was held on February 13, 2017 to consider the government's request for an order authorizing the involuntary medication of Defendant. The parties stipulated that the evidence the court should consider in making its decision is the reports

---

[1] At the request of the defense, video conferencing was set up for Defendant's remote attendance at the hearing. Defendant declined to appear. The court granted the parties' request to waive Defendant's appearance.

concerning Defendant's competency, in particular the December 29, 2017 report. [Dkt. 33-Sealed]. Based on the evidence the court finds that involuntary medication is not appropriate under *Washington v. Harper*, 494 U.S. 261, 110 S.Ct. 2841, 108 L.Ed.2d 178 (1990) as Dr. Graddy reports that Defendant is able to function adequately at the Mental Health Department at FMC Butner without posing a danger to himself and others. In *Sell v. United States*, 539 U.S. 166, 123 S.Ct. 2174, 156 L.Ed.2d 197 (2003) the Supreme Court established four factors to be considered in making the determination about whether a defendant may be involuntary medicated to restore competency to stand trial. The court makes the following findings on the *Sell* factors.

<u>Existence of Important Governmental Interest</u>

The court finds that in this case the government has an important interest in the prosecution of persons accused of the violent crimes of which Defendant is accused. Additionally, the government has the important interest that it only prosecute persons who are competent to stand trial. Nothing has been suggested to diminish these interests in this case.

The court has considered whether the time Defendant has been detained reduces the possible sentence to such a degree that the government's interest in prosecution is diminished. It does not. If Defendant is found guilty as charged in the Indictment, the mandatory minimum sentence is 45 years, as sentences for some of the charges must be served consecutively. At the hearing the parties agreed that even if the foregoing calculation of the possible sentence is inaccurate, Defendant faces a mandatory minimum sentence of 10 years. Defendant has been detained since his arrest, a period of seven months. The court finds that the length of Defendant's pretrial

detention does not diminish the government's interest in restoring his competency for trial.

### Whether Proposed Involuntary Medication Will Serve Governmental Interests

Based on the opinion of Dr. Graddy contained in the December 29, 2017 report, the court finds by clear and convincing evidence that the involuntary medication regimen outlined in the report will significantly further important governmental interests in that there is a substantial likelihood that administration of medication will render Defendant competent to stand trial. Further, the court finds that the side effects of the proposed medication are substantially unlikely to interfere significantly with Defendant's ability to assist counsel in conducting a trial defense.

### Necessity of Involuntary Medication

The court finds by clear and convincing evidence that involuntary medication is necessary to restore Defendant to competency, thus furthering the aforementioned important governmental interests. The court finds by clear and convincing evidence that less intrusive methods are unlikely to achieve substantially the same result as involuntary medication.

### Medical Appropriateness

The court finds by clear and convincing evidence that administering anti-psychotic medication in the regimen outlined in the December 29, 22017 report to Defendant is medically appropriate. Dr. Graddy opines that in light of Defendant's mental condition, it is in Defendant's best medical interest to receive the proposed medication.

Treatment Plan and Duration

The court approves the proposed individual treatment plan outlined in the December 29, 2017 report and orders that it be carried out.

The treatment staff at FMC Butner is allowed to administer a full four month period of involuntary treatment as described under 18 U.S.C. § 4241(d) to restore Defendant's competency to stand trial. In addition, in the event Defendant refuses, or is unable to consent, the treatment staff at FMC Butner is permitted to perform any physical and laboratory assessments and monitoring which are clinically indicated to monitor for medication side effects. Ongoing involuntary treatment is authorized until the conclusion of all pretrial and trial proceedings.

**Conclusion**

The government's request for an order requiring the involuntary medication of Defendant is GRANTED under the terms specified herein.

A report on the status and efficacy of Defendant's treatment is required in advance of the June 19, 2018 hearing, or earlier as warranted by Defendant's response to treatment.

SO ORDERED this 13th day of February, 2018.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE