## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-CR-87-JED |
| | ) | |
| BENJAMIN DON RODEN, | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT RECOMMENDATIONS FOR DISPOSITION

The United States of America, by and through R. Trent Shores, United States Attorney for the Northern District of Oklahoma, and Allen J. Litchfield, Assistant United States Attorney, and defendant, Benjamin Don Roden, in person and through counsel, Whitney Mauldin and Scott Graham, respectfully inform the Court that they have reached the following stipulation of agreed disposition.

### 1. Background

Mr. Roden is charged with a violation of 18 U.S.C. § 844(f), malicious damage to federal property using an explosive; 18 U.S.C. § 844(h), the use of an explosive to commit federal felonies; 18 U.S.C. § 924(c)(1)(A), use, carry, and discharge a destructive device during and in relation to a crime of violence; 26 U.S.C. § 5861(f), making of destructive devices in violation of National Firearms Act; 26 U.S.C. §§ 5861(d) and 5871, possession of unregistered destructive devices; and two counts in violation of 18 U.S.C. § 1361, destruction of federal property. The charge stems from a July 10, 2017 incident. At that time, Mr. Roden made, carried, and discharged an explosive device at the United States

Air Force Recruiting Center located at 10425 S. 82nd E. Avenue, Suite 103, Tulsa, Oklahoma 74133.  The blast from the explosive caused damage to federal property, *i.e.,* the United States Air Force Recruiting Center in Tulsa, Oklahoma.  The explosive device was not registered with the National Firearms Registration and Transfer Record.

### 2. Defendant's Competency to Stand Trial

Mr. Roden made his initial appearance in federal court on July 12, 2017.  Due to concerns about his mental condition, he was not arraigned.  Defense counsel filed an unopposed motion for determination of competency the next day (Dkt. # 9), which was granted (Dkt. # 17).

The Court ordered Mr. Roden to undergo two competency evaluations by Dr. Curtis Grundy and Dr. Terese Hall.  The evaluations were performed at David L. Moss Correctional Facility in Tulsa.  In the written report of evaluation, both doctors opined that Mr. Roden was suffering from a mental disease or disorder rendering him unable to appreciate the nature and consequences of the court proceedings and impairing his ability to assist counsel in his defense.  (Dkt. # 18)  Accordingly, the Court found him incompetent, and ordered that he be committed to the custody of the Attorney General for restoration of competency.  (Dkt. # 20)

Mr. Roden was designated to FMC Butner for competency restoration, arriving at the facility on September 19, 2017.  He remained at FMC Butner, as his condition was slow to improve.  FMC medical staff provided counsel and the Court with periodic reports of his condition.

2

At present, Mr. Roden's condition is improved such that FMC Butner medical staff opine he has regained competency. (Dkt. # 42) The Court found Mr. Roden has regained his competency to stand trial. (Dkt. #44).

### 3. Defendant's Mental State at Time of Offense

Fed.R.Crim.P. 12.2 requires a defendant who intends to rely upon insanity as a defense or introduce expert evidence relating to mental condition bearing on the issue of guilt to provide written notice to the government. Defendant filed insanity defense and expert evidence notices on August 16, 2018. (Dkt. #49)   In accordance with 18 U.S.C. § 4242(a), and with the agreement of the parties, defendant has been evaluated to determine his mental status at the time of the commission of the offense by Dr. Terese Hall.  Based on Dr. Hall's evaluation, Dr. Hall reached the conclusion that Mr. Roden was suffering from a mental disease or defect which rendered him "unable to appreciate the nature, quality and wrongfulness of his alleged offense behavior" at the time of the commission of the offense.

When a defendant relies upon an insanity defense at trial, the finder of fact must return a verdict of:  1) guilty;  2) not guilty; or 3) not guilty only by reason of insanity.  18 U.S.C. § 4242(b).

### 4. Stipulations

a.  The parties agree to waive jury trial and request that the Court conduct a non-jury trial on a joint stipulation of the facts.

b.  Should the Court proceed as proposed, the parties agree to stipulate to the following:

3

i) that on or about July 10, 2017, in the Northern District of Oklahoma, Mr. Roden did cause destruction of federal property by discharging an explosive device, the pipe bomb, at the United States Air Force Recruiting Center in Tulsa, Oklahoma, in violation of 18 U.S.C. § 844(f) as reflected in Count 1 of the Indictment;

ii) that on or about July 10, 2017, in the Northern District of Oklahoma, Mr. Roden used an explosive device to commit federal felonies, as the pipe bomb Mr. Roden maliciously discharged caused damage to federal property, specifically the United States Air Force Recruiting Center located at 10425 S. 82nd E. Avenue, Suite 103, Tulsa, Oklahoma, in violation of 18 U.S.C. § 844(h) as reflected in Count 2 of the Indictment;

iii) that on or about July 10, 2017, Mr. Roden did make, carry, and discharge a destructive device, *i.e.*, a pipe bomb, during and in relation to a crime of violence, that being a violation of 18 U.S.C. § 844(p), maliciously damaging federal property, by discharging the pipe bomb at the United States Air Force Recruiting Center located at 10425 S. 82nd E. Avenue, Suite 103, Tulsa, Oklahoma, in the Northern District of Oklahoma, in violation of 18 U.S.C. § 924(c)(1)(A), as reflected in Count 3 of the Indictment;

iv) that on or about July 10, 2017, in the Northern District of Oklahoma, Mr. Roden did make destructive devices, as that term is defined in 26 U.S.C. §§ 5845(a)(8) and 5845(f) that is "pipe bombs," in violation of 18 U.S.C. § 5861(f), 5822 and 5871, as reflected in Count 4;

4

v) that on or about July 10, 2017, in the Northern District of Oklahoma, Mr. Roden knowingly possessed destructive devices, that is pipe bombs, in violation of 26 U.S.C. §§ 5845(a)(8) and 5845(f).  Said devices had not been registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5861(d) and 5871, as reflected in Count 5 of the Indictment; and

vi) that on or about July 9, 2017, in the Northern District of Oklahoma, Mr. Roden willfully injured and committed depredations against property of the United States Air Force, a department and agency of the United States and the damage of such property exceeded $1,000.00, in violation of 18 U.S.C. § 1361, as reflected in Count 6 of the Indictment.

c. The parties agree and stipulate that the government, by way of the stipulations, the Complaint and Affidavit for the Complaint, has presented sufficient evidence to establish the factual elements of the crimes charged in the Indictment.  Further, that the Affidavit filed in this case to support the initial Complaint (Government's Exhibit $\cancel{\text{1}}$ 23) is incorporated by reference to be used to provide facts, background and context for the Court's use in this proceeding.

d. The parties further agree to stipulate that Dr. Terese Hall, J.D., Ph.D, ABPP, psychologist, would testify consistently with her written reports of her evaluations of Mr. Roden.  Those reports are titled Psychological Report.  The parties also agree to stipulate to the admission of the Forensic Evaluation and Forensic Evaluation Addendum for the Court's consideration in determining the appropriate disposition of the competency hearing and non-jury trial.

5

## 5. Proposed Post-Trial Disposition

Upon a finding that a defendant is not guilty only by reason of insanity, 18 U.S.C. § 4243(a) requires that the Court commit the defendant to a suitable facility until such time as the defendant is eligible for release. While at the facility, the defendant shall undergo examination to determine "whether the person is suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4247(c)(4)(C)  The Court must hold a hearing no later than 45 days after the special verdict, but a 30-day continuance is allowed if certain criteria are met.  18 U.S.C. §§ 4243(c) and 4247(b)  At the hearing, the defendant bears the burden of proving, by clear and convincing evidence, that "release would not create a substantial risk of bodily injury to another person or serious damage of property of another due to mental disease or defect." 18 U.S.C. § 4243(d)

The parties agree that, upon a finding of not guilty by reason of insanity, Mr. Roden should be committed to the Bureau of Prisons for evaluation and that FMC Butner is the facility where that evaluation should take place for purposes of continuity of care.  They further agree the Court should set the matter for a hearing to be held no later than 45 days after the verdict.

Respectfully submitted this ___9th___ day of October, 2018.

> OFFICE OF THE FEDERAL PUBLIC DEFENDER
> Julia L. O'Connell, Federal Public Defender
>
>
> _____
> SCOTT A. GRAHAM, OBA #19817
> WHITNEY R. MAULDIN, OBA #_____
> Williams Tower I, Suite 1225
> One West Third Street
> Tulsa, Oklahoma 74103-3532
> Telephone: (918) 581-7656
> *Counsel for the Mr. Roden*

(signed by filing attorney with permission of the following attorney)

> *s/Allen J. Litchfield*
> Allen J. Litchfield, OBA #010613
> Assistant United States Attorney
> 110 West 7th Street,  Suite 300
> Tulsa, Oklahoma  74119-1013
> Telephone:  (918) 382-2700
> *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on the _____ day of October, 2018, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Allen J. Litchfield
Assistant United States Attorney
110 West 7th Street, Suite 300
Tulsa, Oklahoma  74119-1013

*/s/ Scott A. Graham*
Scott A. Graham